BROWN-HURLEY HARDWARE COMPANY v. GOODMAN COHEN, Trading as the FAMOUS FURNITURE & CARPET COMPANY, Appellant.

**Judgments:** DISMISSAL OF COUNTERCLAIM: JURISDICTION. Where the defendant by his answer admitted the claim of plaintiff and pleaded a counterclaim, and the cause was noted for trial but carried over until the next term without a new trial notice, and defendant failed to appear when the cause was reached for trial at the succeeding term, the court had jurisdiction to grant judgment for plaintiff and to dismiss defendant's counterclaim without prejudice.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, NOVEMBER 21, 1910.

SUIT on an account. There was a judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Guy R. Carson,* for appellant.

*N. T. Guernsey* and *C. F. Maxwell,* for appellee.

SHERWIN, J.—This is an action to recover the purchase price of certain goods sold to the defendant. The defendant in his answer admitted the claim of the plaintiff and pleaded a counterclaim. The petition was filed late in December, 1907, and the answer and counterclaim was filed about the middle of January, 1908. Ten days before the March, 1909, term of court, a trial notice was filed

by the attorneys for the plaintiff. Some time during the term the case was assigned for trial during the latter part of the term. It was not reached for trial during the March term, and, with other cases which had been assigned for that term, it was carried into the May term of said court for trial. This was done by an order of the trial judge. The case was not again noticed for trial, and when it was reached, and during the May term, the defendant's counsel was notified, but he failed to appear, and after a slight delay the court dismissed the counterclaim and rendered judgment for the plaintiff for the amount of its demand.

The appellant contends that the court was without jurisdiction to render a judgment for the plaintiff under these circumstances. It is clear that the court had jurisdiction of both the subject matter and the person so far as the plaintiff's claim was concerned. It will be noticed that the pleading filed by the defendant admitted the claim made by the plaintiff, so that the only question left for trial was on the counterclaim that the defendant had filed. Code, section 3764, providing for the dismissal of an action, says that it may be dismissed by the court when the plaintiff fails to appear when the case is called for trial, and such dismissal shall be without prejudice to a future action. Section 3767 provides that "the defendant may, at any time, before the final submission of the cause to the jury, or to the court when the trial is by the court, dismiss his counterclaim without prejudice." The counterclaim was in the nature of an independent cause of action against the plaintiff, and we think there can be no question about the right of the court to dismiss the counterclaim under section 3764 when the defendant failed to appear, and such dismissal under that section would be without prejudice to the rights of the defendant. Under section 3767, the defendant had the right to dismiss his counterclaim without prejudice at any time before a final submission of the cause. The action of the court in dismiss-

ing the counterclaim before a hearing on the cause of action presented by the plaintiff could not have been prejudical to the defendant, because he still had the right to bring a new action on the counterclaim. We see no reason, therefore, for holding that the action of the trial court in rendering a judgment on the plaintiff's claim, which had been expressly admitted by the defendant in his answer, was prejudicial to the defendant, and, to entitle him to have the judgment set aside, because no trial notice had been served for the May term, he must show that he was prejudiced thereby. This he has not done.

We think the judgment should be, and it is, *affirmed*.